# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRIS RYAN MILLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-22-00226-JD |
| | ) |
| JOSH TINSLEY, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is a Report and Recommendation ("R. & R.") [Doc. No. 10] issued by United States Magistrate Judge Amanda Maxfield Green. Judge Green reviewed Plaintiff Chris Ryan Mills' ("Plaintiff") Complaint [Doc. No. 1] under 28 U.S.C. §§ 1915A(a) and 1915(e)(2)(B). *See* R. & R. at 1–2.

Judge Green recommends that the Court (1) dismiss without prejudice Plaintiff's request for habeas relief; (2) dismiss with prejudice Plaintiff's claims against Defendant Oklahoma Department of Public Safety, Defendant Oklahoma Highway Patrol, and Defendant Josh Tinsley in his official capacity, as the claims seek monetary damages from Defendants who are immune from suit; (3) dismiss Plaintiff's Fourth Amendment claim against Defendant Tinsley in his individual capacity for illegal search and seizure pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994); and (4) conclude that Plaintiff has stated a Fourth Amendment excessive force claim against Defendant Tinsley in his individual capacity. *See id.* at 11.

Judge Green advised Plaintiff of his right to object to the R. & R. by November 21, 2022, and that failure to timely object to the R. & R. would waive appellate review of the recommended ruling. *See id.* at 11–12. The record reflects that Plaintiff did not timely file an objection to the R. & R. or request an extension of time to do so.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, Plaintiff waives his right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

Upon review, the Court ACCEPTS the R. & R. [Doc. No. 10] for the reasons stated therein, with the modifications as noted below. The Court DISMISSES without prejudice Plaintiff's request for habeas relief; DISMISSES without prejudice Plaintiff's claims against Defendants Oklahoma Department of Public Safety, Oklahoma Highway Patrol, and Josh Tinsley in his official capacity;[1] and DISMISSES without prejudice

---

[1] While the R. & R. recommends that these claims should be dismissed with prejudice based on Eleventh Amendment immunity, *see* R. & R. at 5–7, "Eleventh Amendment immunity is jurisdictional" and "dismissal should [be] without prejudice."

2

Plaintiff's Fourth Amendment illegal search and seizure claim against Defendant Josh Tinsley in his individual capacity.[2] The Court concludes that Plaintiff has alleged sufficient facts to state a Fourth Amendment excessive force claim against Defendant Tinsley in his individual capacity; thus, that claim remains referred to Judge Green for further proceedings. *See* [Doc. No. 4].

IT IS SO ORDERED this 3rd day of July 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

*Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir. 2017). Thus, the Court dismisses these claims without prejudice.

[2] The R. & R. concludes that this claim should be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). That type of dismissal is without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996) (explaining that when *Heck* bars a claim, "the dismissal should be without prejudice"). Accordingly, the Court dismisses this claim without prejudice.