IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRIS RYAN MILLS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-22-00226-JD |
| JOSH TINSLEY, et al., | ) ) ) |
| Defendants. | ) ) |

**ORDER**

Before the Court is the Report and Recommendation ("R. & R.") issued by United States Magistrate Judge Amanda Maxfield Green on April 25, 2025. [Doc. No. 25].

Defendant Josh Tinsley ("Tinsley") filed a Motion for Summary Judgment. [*See* Doc. No. 18]. Plaintiff Chris Ryan Mills ("Plaintiff"), proceeding *pro se*, did not file a response to Tinsley's Motion for Summary Judgment. In the R. & R., Judge Green concluded Tinsley is entitled to qualified immunity against Plaintiff's claim because Plaintiff has not met his burden of establishing Tinsley violated Plaintiff's constitutional rights by using excessive force. [Doc. No. 25 at 6–10].[1] The R. & R., therefore, recommends that the Court grant summary judgment to Tinsley.

The R. & R. advised the parties of the right to object by May 16, 2025, and warned that failure to file a timely objection would waive the right to appellate review of the factual and legal issues in the R. & R. [Doc. No. 25 at 10]. No party filed an objection

---

[1] The R. & R. did not reach the other grounds raised by Tinsley in his Motion for Summary Judgment. [*See* Doc. No. 18 at 7–8, 15–22]. The Court uses CM/ECF page numbering from the top of district court docket filings.

or requested an extension of time to do so.

Prior to Tinsley's Motion for Summary Judgment, the Court (1) dismissed without prejudice Plaintiff's request for habeas relief; (2) dismissed without prejudice Plaintiff's claims against Defendant Oklahoma Department of Public Safety, Defendant Oklahoma Highway Patrol, and Tinsley in his official capacity; and (3) dismissed without prejudice Plaintiff's Fourth Amendment claim against Tinsley in his individual capacity for illegal search and seizure. [Doc. No. 12 at 2–3]. Accordingly, the only claim that remains is Plaintiff's claim for use of excessive force in violation of the Fourth Amendment against Tinsley in his individual capacity. [*See id.* at 3].

For the following reasons, the Court accepts the R. & R. disposing of the remaining claim in Tinsley's favor.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate [judge]." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This rule "provides that the failure to make timely objection to the magistrate[ judge]'s findings or recommendations waives appellate review of both factual and legal questions." *Id.* There are two exceptions to the waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting

*Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the interests of justice require review, which include "[1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised." *Id.* at 1120.

Neither party objected, and neither exception to the firm waiver rule applies. Although Plaintiff is proceeding *pro se*, Judge Green advised Plaintiff of his right to object and the consequences if he failed to object. [Doc. No. 25 at 10]. The interests of justice do not require review, as the parties have not explained their lack of objection. The interests of justice also do not require review under the factors provided by the Tenth Circuit. Alternatively, although the Court is not required to review the record de novo, it has done so and determines that the R. & R. should be adopted in full.

Consequently, the Court ACCEPTS the R. & R. [Doc. No. 25]. The Court GRANTS Tinsley's Motion for Summary Judgment. [Doc. No. 18]. A separate judgment will follow.[2]

IT IS SO ORDERED this 9th day of June 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[2] This results in a with-prejudice disposition of the remaining claim in favor of Tinsley. *See Clark v. Wilson*, 625 F.3d 686, 692 (10th Cir. 2010) (instructing the district court to dismiss a claim with prejudice because the defendant was entitled to qualified immunity).